**Lawrence R. METSCH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 74-375-CIV-WM.**

United States District Court, S. D. Florida.

July 31, 1974.

———◆———

Lawrence R. Metsch, pro se.

Robert W. Rust, U. S. Atty., Miami, Fla., Carla A. Hills, Asst. Atty. Gen., Civ. Div., Stanley D. Rose and Susan N. Wachtel, Attys., Dept. of Justice, Washington, D. C., for defendant.

## FINAL SUMMARY JUDGMENT

MEHRTENS, District Judge.

This cause came before the Court upon the order of transfer pursuant to 28 U.S.C. § 1506 from the United States Court of Claims. Prosecuting this cause is Lawrence R. Metsch, a resident of Dade County, Florida, who sues to recover the difference in pay between the salary of an Associate Law Clerk and that of a Senior Law Clerk for the period from September 1, 1971 to November 15, 1971. His claim for relief relies on the theory that the Director of the Administrative Office of the United States Courts had improperly refused to effectuate the plaintiff's promotion from Associate Law Clerk to Senior Law Clerk during the freeze on wages and prices in effect from August 15, 1971 to November 15, 1971.

The parties filed stipulations to the material facts and cross-motions for summary judgment. It appearing to the Court that no genuine issues of material facts remain for trial, summary judgment in favor of the plaintiff hereby is granted for the reasons below.

## STATEMENT OF FACTS

On or about April 15, 1971, the plaintiff assumed the duties of law clerk for United States Circuit Judge Bryan Simpson in Jacksonville, Florida. Judge Simpson considered the plaintiff qualified for appointment initially to the position of Senior Law Clerk based on his education and experience. Since funds to support the appointment were not available within the maximum allowable for the aggregated salaries of his staff, Judge Simpson appointed the plaintiff to the position of Associate Law Clerk instead.

In early September, 1971, funds became available to support the plaintiff's appointment to Senior Law Clerk due to the departure of his predecessor. By letter to the Administrative Office dated September 9, 1971, Judge Simpson requested that the plaintiff be reclassified from Associate to Senior Law Clerk. In regard to the plaintiff, Judge Simpson wrote,

> . . . If it has any bearing on the present wage freeze under the President's August 15 proclamation, I would say with Mr. Jontz [the plaintiff's predecessor] leaving, Mr. Metsch would take on added duties and extended responsibilities. In a word, this is a justified promotion, not a salary increase . . . .

After the departure of the plaintiff's predecessor, the plaintiff assumed certain added duties and responsibilities, including the expeditious processing of the professional work of Judge Simpson's office and the training of a newly appointed Associate Law Clerk.

In response to Judge Simpson's letter, the Director of the Administrative Office through his delegate rejected his request for plaintiff's reclassification, along with fifty-one other requests for promotions or reclassifications within the category of "law clerk" and "secretary" during the period of the freeze. The rejection of the requests relied on a statement issued on August 27, 1971, which described the policy of the Administrative Office during the freeze on

wages and prices required by Executive Order 11615 [1] as follows:

1) Promotions to a higher graded previously established vacant position which were to be effectuated under the freeze, i. e., which were to be permitted under the freeze, were, under the guidelines adopted by the Chief of the Personnel Division, reassignments or movements to a position in a different job category such as movements from the category of "secretary" to the category of "secretary-law clerk," or from the category of "secretary-law clerk," to the category of "law clerk";

2) Promotions to a higher grade in an employee's current job will not be effected during the freeze, i. e., will not be granted during the freeze, such as promotions to or reclassification to a higher grade position within one's job category including, for example, reclassification from assistant probation officer to associate probation officer within the category of probation officer.

The policy of the Administrative Office during the freeze was not discussed at the next semi-annual meeting of the Judicial Conference.

After expiration of the freeze on November 15, 1971, the Administrative Office effected the plaintiff's reclassification non-retroactively from Associate to Senior Law Clerk.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and the subject matter pursuant to § 211(a) of the Economic Stabilization Act of 1970, as amended.

Whether the denial of the request that the plaintiff be appointed Senior Law Clerk was clearly erroneous under the Judicial Salary Plan, the Economic Stabilization Act of 1970, Executive Order 11615 and its implementing guidelines is the controlling issue in this cause.

The guidelines promulgated by the Cost of Living Council indicate that the freeze on wages required by Executive Order 11615 was limited to longevity and merit increases and did not include promotions to positions of new or greater responsibilities. See Summary No. 1, Cost of Living Council; Circular No. 26, et al. Because the classification of law clerk does not ordinarily involve specific duties or responsibilities, but merely objective qualifications based on education and experience, the policy of the Director of the Administrative Office in denying the requests for reclassification of law clerks during the freeze on wages was generally reasonable.

In the instant cause, the request for reclassification of the plaintiff was based not only on merit, but upon the assumption of additional, greater duties and responsibilities as well. For the Director of the Administrative Office to deny the request for reclassification without recognizing this exception to the freeze on wages was erroneous under the implementing guidelines for Executive Order No. 11615.

The Director's denial was not only erroneous under the guidelines implementing the freeze, but was also beyond his authority to fix the compensation of law clerks and other court personnel derived from 28 U.S.C. § 604. Although it is true that the Director of the Administrative Office is authorized to implement the Judicial Salary Plan, each individual judge is authorized to appoint his law clerks at his discretion to one of four classifications, so long as objective qualifications are met and the maximum for the aggregated salaries of his staff is not surpassed. There is no question that the plaintiff met the objective qualifications for Senior Law Clerk, so that the Director of the Administrative Office is bound to comply with request for reclassification by Judge Simpson.

The defendant government submits that the Judicial Conference endorsed by implication the policy of the

1. 36 Fed.Reg. 15727 (1971).

Director of the Administrative Office in implementing the freeze on wages by failing to discuss the policy at its October meeting. As noted above, the policy of denying requests for reclassification within the category for "law clerk" was generally correct for those reclassifications which did not involve greater duties and responsibilities. Mere lack of discussion at the Judicial Conference of a policy generally accepted must not be construed to deny the plaintiff, who may be uniquely situated, his claim for relief.

It appearing to the Court that the denial of the request that the plaintiff be appointed Senior Law Clerk was clearly erroneous under the Judicial Salary Plan, the Economic Stabilization Act of 1970, Executive Order No. 11615 and its implementing guidelines, summary judgment in favor of the plaintiff shall be entered, with costs to be taxed against the defendant by the Clerk of this Court.